IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PETER ROSE; ASHLEY ROSE, a minor, by and through her Guardian Ad Litem, her custodial parent, Peter Rose; BRITNEY ROSE, a minor, by and through her Guardian Ad Litem, her custodial parent, Peter Rose; and PETER ROSE, JR., a minor, by and through his Guardian Ad Litem, his custodial parent, Peter Rose,<br>　　　　　　Plaintiffs,<br>　　　v.<br>SAN JOAQUIN COUNTY; SAN JOAQUIN COUNTY DEPUTY DISTRICT ATTORNEY KEVIN MAYO; and DOES 1 through 25,<br>　　　　　　Defendants. | 2:05-cv-2208-GEB-PAN<br><br>STATUS (PRETRIAL SCHEDULING) ORDER |

　　　　The status (pretrial scheduling) conference scheduled in this case for February 21, 2006, is vacated since the joint status report ("JSR") submitted by the parties indicates that the following Order should issue.

### DOE DEFENDANTS

　　　　The JSR indicates that Plaintiffs should be "able to identify and serve any unnamed Doe defendants within 60 days after the

exchange of Initial Disclosures." (JSR 2.)  Plaintiff has until June 12, 2006, to file a motion in which leave is sought under Fed. R. Civ. P. 15(a) to file an Amended Complaint which could add a party to this action.  The motion must be noticed for hearing on the Court's earliest available law and motion date.  If leave is not sought as stated, this will automatically effectuate dismissal of  Does 1 through 25 from this action.

ADDED DEFENDANT'S OPPORTUNITY<br>TO SEEK AMENDMENT OF THIS ORDER

If Plaintiff substitutes a named defendant in place of a Doe defendant, a copy of this Order shall be served on that defendant concurrently with the service of process.

That defendant has 30 days after said service within which to file a "Notice of Proposed Modification of Status Order," which request is not required to meet the good cause standard, provided it is made within this 30-day period.

SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

No further service is permitted, except with leave of Court, good cause having been shown.

No further joinder of parties or amendments to pleadings is permitted except with leave of Court, good cause having been shown.

DISCOVERY

No modifications of the discovery requirements in the Federal Rules is ordered.

(a)  All discovery shall be completed by April 11, 2007.  In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has

1 been complied with or, alternatively, the time allowed for such
2 compliance shall have expired.¹

3       (b)  Each party shall comply with Federal Rule of Civil
4 Procedure 26(a)(2)'s initial expert witness disclosure and report
5 requirements on or before November 13, 2006, and with the rebuttal
6 expert disclosures authorized under the Rule on or before December 13,
7 2006.

                          MOTION HEARING SCHEDULE

9       The last hearing date for motions shall be June 11, 2007, at
10 9:00 a.m.²

11      Motions shall be filed in accordance with Local Rule 78-
12 230(b).  Opposition papers shall be filed in accordance with Local
13 Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed
14 consent to the motion and the Court may dispose of the motion
15 summarily</u>.  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994).
16 Further, failure to timely oppose a summary judgment motion may result
17 in the granting of that motion if the movant shifts the burden to the
18 nonmovant to demonstrate a genuine issue of material fact remains for
19 trial.  <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

20      Absent highly unusual circumstances, reconsideration of a
21 motion is appropriate only where:

---

23   ¹   The parties are advised that the Magistrate Judges in the
Eastern District are responsible for resolving discovery disputes.  <u>See</u>
24 Local Rule 72-302(c)(1).  Accordingly, counsel shall direct all
discovery-related matters to the Magistrate Judge assigned to this case.
25 A party conducting discovery near the discovery "completion" date runs
the risk of losing the opportunity to have a jurist resolve discovery
26 motions pursuant to the Local Rules.

27   ²   This time deadline does not apply to motions for continuances,
28 temporary restraining orders, emergency applications, or motions under
Rule 16(e) of the Federal Rules of Civil Procedure.

1                 (1)  The Court is presented with newly discovered evidence
2      that could not reasonably have been discovered prior to the filing of
3      the party's motion or opposition papers;
4                 (2)  The Court committed clear error or the initial decision
5      was manifestly unjust; or
6                 (3)  There is an intervening change in controlling law.
7      A motion for reconsideration based on newly discovered evidence shall
8      set forth, in detail, the reason why said evidence could not
9      reasonably have been discovered prior to the filing of the party's
10     motion or opposition papers.  Motions for reconsideration shall comply
11     with Local Rule 78-230(k) in all other respects.
12             The parties are cautioned that an untimely motion
13     characterized as a motion in limine may be summarily denied.  A motion
14     in limine addresses the admissibility of evidence.

                               FINAL PRETRIAL CONFERENCE

16             The final pretrial conference is set for August 6, 2007, at
17     2:30 p.m.  The parties are cautioned that the lead attorney who WILL
18     TRY THE CASE for each party shall attend the final pretrial
19     conference.  In addition, all persons representing themselves and
20     appearing in propria persona must attend the pretrial conference.
21             The parties are warned that non-trialworthy issues could be
22     eliminated *sua sponte* "[i]f the pretrial conference discloses that no
23     material facts are in dispute and that the undisputed facts entitle
24     one of the parties to judgment as a matter of law."  Portsmouth Square
25     v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).
26             The parties shall file a JOINT pretrial statement with the
27     Court not later than seven (7) days prior to the final pretrial

conference.³  The joint pretrial statement shall specify the issues for trial.  The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference.  See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference.").  The final pretrial order supersedes the pleadings and controls the facts and issues which may be presented at trial.  Issues asserted in pleadings which are not preserved for trial in the final pretrial order cannot be raised at trial.  Hotel Emp., et al. Health Tr. v. Elks Lodge 1450, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the pretrial order are eliminated from the action."); Valley Ranch Dev. Co. v. F.D.I.C., 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an issue omitted from the pretrial order is waived, even if it appeared in the pleading); cf. Raney v. District of Columbia, 892 F. Supp. 283 (D.D.C. 1995) (refusing to modify the pretrial order to allow assertion of a previously-pled statute of limitations defense); Olympia Co. v. Celotex Corp., 597 F. Supp. 285, 289 (E.D. La. 1984) (indicating that "[a]ny factual contention, legal contention, any claim for relief or defense in whole or in part, or affirmative matter not set forth in [the pretrial statement] shall be deemed . . . withdrawn, notwithstanding the contentions of any pleadings or other papers previously filed [in the action]").

---

³   The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

1      <u>If possible, at the time of filing the joint pretrial
2 statement counsel shall also email it in a format compatible with
3 WordPerfect to: geborders@caed.uscourts.gov</u>.
4                             <u>TRIAL SETTING</u>
5      Trial is set for November 6, 2007, commencing at 9:00 a.m.
6                             <u>MISCELLANEOUS</u>
7      The parties are reminded that pursuant to Federal Rule of
8 Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall
9 not be modified except by leave of Court upon a showing of good cause.
10 Counsel are cautioned that a mere stipulation by itself to change
11 dates does not constitute good cause**.
12      IT IS SO ORDERED.
13 Dated:  February 9, 2006

                                     <u>/s/ Garland E. Burrell, Jr.</u>
                                     GARLAND E. BURRELL, JR.
                                     United States District Judge